**KY LAY LUONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–74503.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2010.

Filed Dec. 28, 2010.

Scotia Hicks, Wilson & Strawn, San Francisco, CA, for Petitioner.

Julie M. Iversen, Stephen J. Flynn, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

ed by 9th Cir. R. 36–3.

MEMORANDUM *

Ky Lay Luong petitions for review of his removal order and the Board of Immigration Appeals' (BIA) denial of his applications for relief from removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

The parties are familiar with the facts of the case so we do not repeat them here. Luong cannot be removed on the basis of his 1986 conviction, the sole basis alleged in his amended Notice to Appear. *Ledezma–Galicia v. Holder,* 599 F.3d 1055, 1075 (9th Cir.2010) (holding that "8 U.S.C. § 1227(a)(2)(A)(iii) does not apply to convictions ... that occurred prior to November 18, 1988."). In addition, § 1252(d) does not foreclose his claim. *Garcia–Ramirez v. Gonzales,* 423 F.3d 935, 938 (9th Cir.2005) (per curiam) ("Retroactivity challenges to immigration laws implicate legitimate due process considerations that need not be exhausted in administrative proceedings because the BIA cannot give relief on such claims.").

Because Luong is not removable as charged, we do not consider Luong's claim regarding his applications for relief. We leave to the government whether to institute new removal proceedings based on Luong's other convictions.

**PETITION FOR REVIEW GRANTED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.